UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:23-cv-60780-BLOOM/Valle

CREELED, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Entry of Preliminary Injunction ("Plaintiff's Motion" or "Motion"). Plaintiff CreeLED, Inc. ("CreeLED" or "Plaintiff") moves for entry of a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" attached to Plaintiff's Complaint (collectively "Defendants"), ECF No. [1], and an order restraining the financial accounts used by Defendants pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). *See* ECF No. [6]. Defendant SellerX One Ltd d/b/a H&S Alliance UK Ltd ("SellerX") filed a Response in opposition to the Motion, ECF No. [18], to which Plaintiff filed a Reply, ECF No. [21].[1] The Court has reviewed the Plaintiff's Complaint, the Motion, Reply and supporting evidentiary submissions, and SellerX's Opposition and

---

[1] In addition, Plaintiff filed a Proposed Order Granting Preliminary Injunction, ECF No. [28-1] ("Plaintiff's Proposed Order"), and Defendant SellerX filed its Proposed Order and a "Redlined copy" of Plaintiff's Proposed Order, ECF No. [29].

supporting evidentiary submissions, and, with the benefit of oral argument, the Court is fully advised.[2]

The Court convened a hearing on May 25, 2023, at which only counsel for Plaintiff and Defendant SellerX were present and available to present evidence supporting the Motion. A person who identified himself as "Nishka", and claiming to be the principal of Defendant No. 139, on Schedule "A," Seller "perfumedynasty-24*7" also appeared without counsel, on behalf of EASY ENTERPRISES. Nishka admitted that he was not an attorney and was therefore unable to offer argument on behalf of EASY ENTERPRISES. Because the Plaintiff has satisfied the requirement for the issuance of a preliminary injunction, the Court will now grant and deny in part the Plaintiff's Motion for Preliminary Injunction, as set forth below.[3]

I. **FACTUAL BACKGROUND**

Unless otherwise noted, the following factual background is drawn from the Declaration of David Marcellino ("Marcellino Declaration" or "Marcellino Decl."), ECF No. [6-3]. Plaintiff is the owner of the federally registered trademarks identified in Schedule B (the "CreeLED Marks") attached to the Marcellino Declaration. Marcellino Decl. Ex. B. Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the CreeLED Marks. *Id.* ¶¶ 6-10, 16. CreeLED actively polices and enforces its trademarks. Marcellino Decl. ¶¶ 11-14. CreeLED suffers irreparable harm to its goodwill, as well as a direct monetary loss, any time third parties, including Defendants, sell goods using identical or substantially similar unauthorized copies or derivatives of the CreeLED Marks. *Id.* ¶ 18.

---

[2] The Court also reviewed the Plaintiff's Proposed Order and the "Redlined copy."
[3] The Court entered an Order of Dismissal with Prejudice dismissing with prejudice all claims against Defendants BARKANS (Defendant No. 71 on Schedule "A" to the Complaint), RASHEERZ0 (Defendant No. 145 on Schedule "A" to the Complaint), ROYER8518 (Defendant No. 149 on Schedule "A" to the Complaint), and THE-REAL-DEAL-USA (Defendant No. 161 on Schedule "A" to the Complaint). ECF No. [23]. Those individuals are not subject to this Order.

Case No.: 0:23-cv-60780-BLOOM/Valle

Defendants do not have, nor have they ever had, the right or authority to use the CreeLED Marks for any purpose. *See* Marcellino Decl. ¶ 11. Despite their known lack of authority to do so, Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale, through their respective Seller IDs, goods using the CreeLED Marks without authorization ("Defendants' Goods"). *Id.*; *see also* Declaration of Javier Sobrado ("Sobrado Decl.") ¶ 4, ECF No. [6-4].

Given Defendants' use of the CreeLED marks, Defendants' Goods are indistinguishable from CreeLED's goods to consumers, both at the point of sale and post-sale. Plaintiff is suffering irreparable harm and damage by Defendants' use of Plaintiff's CreeLED Marks to drive consumers to the e-commerce stores and commercial websites operating under the Seller IDs. Marcellino Decl. ¶¶ 15-18.

The Plaintiff investigated the promotion and sale of counterfeit versions of the Plaintiff's branded products by the Defendants. *See* Marcellino Decl. ¶¶ 11-14. Plaintiff accessed each of the e-commerce stores operating under the Defendants' Seller IDs, initiated the ordering process for the purchase of a product from each of the Seller IDs, bearing counterfeit copies of Plaintiff's CreeLED Marks, and requested each product to be shipped to an address in the Southern District of Florida. *See id.*; *see also* Sobrado Decl. ¶ 5. The Plaintiff conducted a review and visually inspected the Defendants' Goods and determined the products were nongenuine, unauthorized versions of the Plaintiff's products bearing the CreeLED Marks. *See id.*

Defendant Seller X objected to restraint of their entire Amazon Account in view of their sales of less than $500 and objected to further injunctive relief. *See* SellerX's Opp. to Mot. for TRO, ECF No. [18]. In lieu of the foregoing, SellerX offered to post a $2,000 bond or deposit that amount in cash, and to stipulate not to resume selling the accused product during the pendency of

Case No.: 0:23-cv-60780-BLOOM/Valle

this action.

## II. LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III. CONCLUSIONS OF LAW

The declarations the Plaintiff submitted in support of its Motion for Preliminary Injunction support the following conclusions of law, made for the sole and limited purpose of deciding the Motion at this preliminary stage of the case:

A.     The Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing and/or using counterfeits and infringements of the CreeLED Marks.

B.     Because of the infringement of the CreeLED Marks, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in the Plaintiff's Amended Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers in view of the following considerations:

1.     The Defendants own or control Internet-based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing counterfeit and

4

infringing trademarks in violation of the Plaintiff's rights; and

   2. There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's CreeLED Marks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

 C. The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill as manufacturers and distributors of quality products if such relief is not issued.

 D. The public interest favors issuance of a preliminary injunction to protect the Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

 E. Under 15 U.S.C. § 1117(a), the Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Defendants' distribution and sales of goods bearing counterfeits and infringements of the CreeLED Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

 F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of

permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

H. In view of SellerX's undisputed sales of less than five hundred ($500.00) dollars of infringing products identified by Plaintiff thus far in this matter, the Court agrees that a two thousand ($2,000.00) dollar bond is sufficient surety against Plaintiff's profits and will accept same in lieu of restraining SellerX's accounts.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Preliminary Injunction is **GRANTED**, under the terms set forth below.

2. With the exception of SellerX, each of the Defendants ("Non-SellerX Defendants"), its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are restrained and enjoined until further order from this Court as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the CreeLED Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff;

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise

disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing and/or using the CreeLED Marks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the CreeLED Marks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

3. Each of the Non-SellerX Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Non-SellerX Defendants having notice of this Order shall immediately discontinue the unauthorized use of the CreeLED Marks on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each of the Non-SellerX Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

5. Defendant SellerX shall post a two-thousand ($2,000) dollar bond, or deposit the same amount in cash, with the Court as a security for the relief sought by Plaintiff to recover the profits of SellerX, should Plaintiff prevail in this matter.

6. **Amazon.com is directed to release all funds held in or for the account of SellerX with respect to this action and is prohibited from further restraining the funds in or for that account in connection with this action.**

7. Upon receipt of notice of this Order, all Non-SellerX Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who are providing services for any of the Non-SellerX Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Non-SellerX Defendants' benefit or to be transferred into the Non-SellerX Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

8. Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

9. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Non-SellerX

Case No.: 0:23-cv-60780-BLOOM/Valle

Defendants for the purpose of counterfeiting and infringing the CreeLED Marks at issue in this action and/or unfairly competing with Plaintiff.

10. This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

11. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

12. Plaintiff shall serve a copy of this Order on the Non-SellerX Defendants by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet based e-commerce stores operating under the respective Seller IDs; or by providing a copy of this Order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or marketplace platform, in turn, notifies each of the Defendants of the Order; or by other means reasonably calculated to give notice which is permitted by the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record