UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-60780-BLOOM/Valle

CREELED, INC.,

    Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

### ORDER ON DEFENDANT ZSTONEUS'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

**THIS CAUSE** is before the Court on Defendant ZStoneUS's ("Defendant") Fed. R. Civ. P. 55(c) Motion to Vacate a Clerk's Default, ECF No. [126] ("Motion to Vacate"), filed on August 8, 2023. Plaintiff CreeLED, Inc. ("Plaintiff") filed a Response in partial opposition to the Motion to Vacate on August 25, 2023. ECF No. [135]. Defendant did not file a Reply. The Court has carefully reviewed the Notice, the record in this case, and is otherwise fully advised.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and [the Eleventh Circuit], therefore, view[s] defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951.

The parties dispute whether Defendant presents a meritorious defense. Defendant argues the Complaint fails to meet the plausibility requirement set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and that Defendant has no "substantive contacts with the forum that would support specific personal jurisdiction." ECF No. [126] at 5. Plaintiff responds that Defendant has not moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that Defendant's Motion to Dismiss under Rule 12(b)(2), ECF No. [131] ("Motion to Dismiss"), is facially deficient and fails to include a declaration to the facts claimed therein. ECF No. [135] at 3.

"[W]ith respect to a meritorious defense, '[l]ikelihood of success is not the measure;' [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). Under Rule 12(b)(2), a party may assert lack of personal jurisdiction as a defense. Fed. R. Civ. P. 12(b)(2). The Eleventh Circuit has explained that "[a] plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (internal quotation and citation omitted). "When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (internal quotation and

citation omitted).

Defendant argues the appearance of a single accused product on an e-commerce website that is accessible from Florida is insufficient to support specific personal jurisdiction in Florida under Florida's long-arm statute and the Fourteenth Amendment. ECF No. [131] at 5-7. Although the Court has not passed on Defendant's Motion to Dismiss—because that Motion is not yet ripe—the Court finds Defendant has met its burden of providing a "hint" of a suggestion that its case has merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant ZStoneUS's Fed. R. Civ. P. 55(c) Motion to Vacate a Clerk's Default, **ECF No. [126]**, is **GRANTED**.

2. The Clerk's Entry of Default, **ECF No. [78]**, is **VACATED ONLY AS TO ZSTONEUS**.

3. Defendant filed the Motion to Dismiss, ECF No. [131], on August 21, 2023. Pursuant to Local Rule 7.1(c), a response to the Motion was due on September 4, 2023. Plaintiff failed to respond to the Motion by the applicable deadline or to request an additional extension of time in which to do so. Accordingly, it is **FURTHER ORDERED AND ADJUDGED** that Plaintiff must file a response to the Motion, if any, by **September 7, 2023**. If Plaintiff fails to file any response, the Court shall consider the merits of the Motion to Dismiss without the benefit of a response, and such failure may be deemed sufficient cause to grant the motion by default. *See* S.D. Fla. L.R. 7.1(c).

Case No. 0:23-cv-60780-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record