UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-60780-BLOOM/Valle

CREELED, INC.,

    Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff CreeLED, Inc.'s ("Plaintiff") Renewed Motion for Entry of Final Default Judgment, ECF No. [151] (the "Motion"). Plaintiffs identify the Defendants on Schedule A (collectively, the "Defaulting Defendants") that have failed to appear, answer, or otherwise plead to the Complaint filed on April 27, 2022, ECF No. [1], despite having been served on May 11, 2023, see ECF No. [16], as the Defaulting Defendants. Corrected Schedule A Defaulting Defs., ECF No. [153-1]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is denied without prejudice.

    **I.**    **BACKGROUND**

Plaintiff filed the above-styled action against the Defaulting Defendants for false designation of origin pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law unfair competition; and common law trademark infringement. The Complaint alleges that the Defaulting Defendants are advertising, using, selling, promoting, and distributing counterfeits and confusingly similar imitations of Plaintiff's registered trademarks within the Southern District of

Florida by operating the Defaulting Defendants' Internet based e-commerce stores under each of the Seller IDs.

Plaintiff further asserts that the Defaulting Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because the Defaulting Defendants have (1) deprived Plaintiff of its right to determine the manner in which its trademarks are presented to consumers; (2) deceived the public as to Plaintiff's sponsorship of and/or association with the Defaulting Defendants' counterfeit products and the websites on online storefronts through which such products are sold, offered for sale, marketed, advertised, and distributed; (3) wrongfully traded and capitalized on Plaintiff's reputation and goodwill and the commercial value of the Plaintiff's trademarks; and (4) wrongfully damaged Plaintiff's ability to market its branded products and educate consumers about its brand via the Internet in a free and fair marketplace.

In its Motion, Plaintiff seeks the entry of default final judgment against the Defaulting Defendants. Plaintiff further requests that the Court (1) enjoin the Defaulting Defendants' unlawful use of Plaintiff's trademarks; (2) award Plaintiff damages; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of the Defaulting Defendants to transfer these funds to the Plaintiff in partial satisfaction of the award of damages.

The factual background is taken from Plaintiff's Complaint, ECF No. [1], Plaintiff's Motion for Entry of Final Default Judgment, ECF No. [151], and supporting evidentiary submissions. Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "CreeLED Marks"):

|   | Classes | Trademark | Registration No. |
|---|---------|-----------|------------------|
| 1 | 09 Int. | CREE      | 2,440,530        |

| # | Int. | Mark | Reg. No. |
|---|---|---|---|
| 2 | 42 Int. | CREE | 4,597,310 |
| 3 | 35 Int. | CREE | 4,896,239 |
| 4 | 39 Int. | CREE | 4,787,288 |
| 5 | 09 Int. | CREE | 3,935,628 |
| 6 | 11 Int. | CREE | 3,935,629 |
| 7 | 40 Int. | CREE | 3,938,970 |
| 8 | 42 Int. | CREE | 4,026,756 |
| 9 | 09 Int. | CREE | 4,641,937 |
| 10 | 37 Int. | CREE | 4,842,084 |
| 11 | 09 Int., 41 Int. | CREE | 4,767,107 |
| 12 | 09 Int., 11 Int., 35 Int., 36 Int., 37 Int., 39 Int., 40 Int., 41 Int., 42 Int. | CREE & Design (2D Trisected Diamond) | 6,091,202 |
| 13 | 09 Int., 11 Int., 37 Int., 39 Int. | CREE & Design (2D Trisected Diamond) | 5566249 |
| 14 | 09 Int. | CREE & Design (solid) | 4,234,124 |
| 15 | 11 Int. | CREE & Design (solid) | 4,233,855 |
| 16 | 37 Int. | CREE & Design (solid) | 4933004 |
| 17 | 09 Int., 41 Int. | CREE & Design (solid) | 4771402 |
| 18 | 42 Int. | CREE & Design (solid) | 4,597,311 |
| 19 | 09 Int. | CREE & Design (striped) | 2,452,761 |
| 20 | 09 Int. | CREE & Design (striped) | 3,935,630 |
| 21 | 42 Int. | CREE & Design (striped) | 2,922,689 |
| 22 | 09 Int. | CREE Design - Diamond Design (Solid) | 2,504,194 |
| 23 | 11 Int., 35 Int., 40 Int. | CREE Design (2D Trisected Diamond) | 6,315,812 |
| 24 | 09 Int., 11 Int., 37 Int., 39 Int., 41 Int., 42 Int. | CREE Design (2D Trisected Diamond) | 5,571,046 |
| 25 | 09 Int. | CREE Design (striped) | 3,998,141 |
| 26 | 11 Int. | CREE EDGE | 5,745,621 |
| 27 | 09 Int. | CREE LED LIGHT & Design | 3,327,299 |
| 28 | 09 Int., 11 Int. | CREE LED LIGHTING | 3,891,765 |

| | | | |
|---|---|---|---|
| 29 | 09 Int., 11 Int. | CREE LED LIGHTING & Design | 3,891,756 |
| 30 | 09 Int., 11 Int. | CREE LEDS & Design (2D) | 5,846,029 |
| 31 | 09 Int. | CREE LEDS & Design (solid) | 3,360,315 |
| 32 | 11 Int. | CREE LEDS & Design (solid) | 4,558,924 |
| 33 | 11 Int. | CREE LIGHTING | 6,125,508 |
| 34 | 37 Int., 39 Int., 41 Int., 42 Int. | CREE LIGHTING | 6,251,971 |
| 35 | 11 Int. | CREE LIGHTING & Design (horizontal) | 6,228,836 |
| 36 | 37 Int., 39 Int., 41 Int., 42 Int. | CREE LIGHTING & Design (horizontal) | 6,234,496 |
| 37 | 11 Int. | CREE LIGHTING & Design (vertical) | 6,234,497 |
| 38 | 09 Int. | CREE TRUEWHITE | 4,029,469 |
| 39 | 11 Int. | CREE TRUEWHITE | 4,091,530 |
| 40 | 09 Int. | CREE TRUEWHITE TECHNOLOGY & Design (solid) | 5,022,755 |
| 41 | 11 Int. | CREE TRUEWHITE TECHNOLOGY & Design (solid) | 4,099,381 |
| 42 | 11 Int. | CREE TRUEWHITE TECHNOLOGY & Design (striped) | 4,286,398 |
| 43 | 09 Int. | CREE VENTURE LED COMPANY & Design (horizontal) | 5,852,185 |
| 44 | 09 Int. | CREE VENTURE LED COMPANY & Design (vertical) | 5,852,184 |
| 45 | 09 Int. | EASYWHITE | 3,935,393 |
| 46 | 11 Int. | EASYWHITE | 4,060,563 |
| 47 | 42 Int. | EASYWHITE | 4,384,225 |
| 48 | 09 Int. | EZBRIGHT | 3,357,336 |
| 49 | 09 Int. | GSIC | 2,012,686 |
| 50 | 09 Int. | J SERIES | 5,852,400 |
| 51 | 09 Int. | MEGABRIGHT | 2,650,523 |
| 52 | 09 Int. | RAZERTHIN | 2,861,793 |
| 53 | 09 Int. | SC3 TECHNOLOGY (stylized) | 4,502,559 |
| 54 | 09 Int. | SC5 TECHNOLOGY | 5,256,643 |
| 55 | 9 Int. | SCREEN MASTER | 5,067,029 |

| 56 | 09 Int., 11 Int. | TRUEWHITE | 3,812,287 |
|---|---|---|---|
| 57 | 09 Int. | TRUEWHITE TECHNOLOGY & Design | 3,888,281 |
| 58 | 11 Int. | TRUEWHITE TECHNOLOGY & Design | 3,888,282 |
| 59 | 09 Int. | ULTRATHIN | 4,110,443 |
| 60 | 09 Int. | XBRIGHT | 2,644,422 |
| 61 | 09 Int. | XLAMP | 3,014,910 |
| 62 | 09 Int. | XM-L | 5,294,417 |
| 63 | 09 Int. | XTHIN | 2,861,792 |

Compl. ¶ 23. The CreeLED Marks are used in connection with the design, marketing, and distribution of high-quality goods in at least the categories identified above. *See* Decl. of David Marcellino ("Marcellino Decl."), ECF No. [6-3] ¶ 4.

Although each Defendant may not copy and infringe each of Plaintiff's trademarks for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed the CreeLED Marks for at least one category of goods. *See* Marcellino Decl. ¶¶ 11-14; Schedule "C" to Decl. of Javier Sobrado in Support of Motion for TRO, Preliminary Injunction and Order Restraining Assets ("Sobrado Decl."), ECF No. [6-4]; Ex. 1 to Sobrado Decl., ECF Nos. [92-3], [92-4], [92-5], [92-6], [92-7], [92-8], and [92-9]. The Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the CreeLED Marks. *See* Marcellino Decl. ¶¶ 11-14.

As part of its ongoing investigation regarding the sale of counterfeit and infringing products, Plaintiff hired a third party investigatory to access the Defaulting Defendants' Internet based e-commerce stores operating under each of the Seller IDs. The third-party investigator-initiated orders from each Seller IDs for the purchase of various products, all bearing, or suspected of bearing, counterfeits of the CreeLED Marks, and requested each product to be shipped to an address in the Southern District of Florida. Accordingly, the Defaulting Defendants' Goods are

being promoted, advertised, offered for sale, and sold by the Defaulting Defendants within this district and throughout the United States. *See* Sobrado Decl. ¶ 5. A representative for Plaintiff personally analyzed the CreeLED branded items wherein orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the CreeLED Marks, and concluded the products were non-genuine, unauthorized CreeLED products. *See* Marcellino Decl. ¶ 14.

## II. LEGAL STANDARD

In general, "a defendant's default does not in itself warrant the court . . . entering a default judgment." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] The Eleventh Circuit has held that if "multiple defendants are jointly liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant prior to the decision on the merits as to the remaining defendants." *Drill S., Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237, n.8 (11th Cir. 2000) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). "The Eleventh Circuit has also extended the prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint." *Island Stone Int'l Ltd. v. Island Stone India Priv. Ltd.*, No. 616CV656ORL40KRS, 2016 WL 9488685, at *1 (M.D. Fla. Dec. 20, 2016) (denying a motion for default judgment because the defendants were similarly situated and there was a possibility of inconsistent judgments) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)). In the Eleventh Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant. . . ." *Gulf Coast Fans, Inc.*, 740 F.2d at 1512 (citation omitted); *see also Mrs. All. Ins. Co. v. Brencorp, Inc.*, No. 4:15-CV-0140-HLM, 2016 WL 4582074, at *2 (N.D. Ga. Mar.

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

22, 2016) (denying a motion for default judgment because the defendants were "similarly situated[,]" the claims against the defendants arose from the "same set of facts and circumstances," and it was possible that granting a default judgment against one defendant could lead to "inconsistent results").

Lastly, according to Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As such, a court entering default judgment must expressly determine that there is no just reason for delay. *See Poole v. Tire Recycling Servs. of Fla., Inc.*, No. 218CV810FTM38MRM, 2019 WL 4043959, at *2 (M.D. Fla. Aug. 8, 2019), *report and recommendation adopted*, No. 218CV810FTM38MRM, 2019 WL 4040063 (M.D. Fla. Aug. 27, 2019) (interpreting Rule 54 to mean that "when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants") (quoting *North Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012)).

### III.    DISCUSSION

Plaintiff does not squarely address whether there is a "just reason" for delaying the entry of default judgment against the Defaulting Defendants under Rule 54(b) in its Motion. That rule states that the "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In *Poole*, 2019 WL 4043959, at *2, the court interpreted Rule 54 to mean that "when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants." As such, an analysis regarding the unnecessary risk of inconsistent judgments in this

case is applicable to whether there is just reason for delay. *See Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-cv-20862, 2021 WL 5389897, at *3 (S.D. Fla. Nov. 18, 2021) (discussing risk of inconsistent judgments in evaluating motion for default judgment under Rule 54(b)).

Rather, Plaintiff argues that there is no possibility of inconsistent liability in this case because Plaintiff is not seeking joint and several liability against the Defaulting Defendants and it seeks damages against those defendants solely for their individual conduct. ECF No. [151] at 1, 6. However, the Complaint alleges that Defendants, including the Defaulted Defendants, operate under Internet based e-commerce stores and fully interactive commercial internet websites operating under Seller IDs and use these Seller IDs, as well as unknown aliases, to conceal their identities and further their counterfeiting efforts. ECF No. [1] ¶¶ 15-22. Moreover, Defendants allegedly take advantage of their anonymity, the character of the internet, and the cover provided by international borders, to violate Plaintiff's trademark rights and exploit U.S. consumers. *See id*. Given the identical allegations as to each Defendant, the Defaulting Defendants are so similarly situated that there is a risk of inconsistent judgments if the other Defendants that are ostensibly litigating this case—Binwo Smart Home, CraBow, Phixtonus, yinghuatiyu and ZStone—were to success on the merits, even as Plaintiffs seek to recover as to each Defaulting Defendant for their individual conduct. *See Millennium Funding, Inc.*, 2021 WL 5389897, at *3 (finding the risk of inconsistent judgments weighed in favor of denying the plaintiffs' motion for default judgment). This Court has found that a risk of inconsistent judgments is sufficient reason to find there is a just reason for delay of the entry of a final judgment, even where—as here—a plaintiff states that defendants in an action are not jointly and severally liable. *Id.* *3-4. The Motion thus presents no adequate basis for the Court to find there is *no* just reason to delay an entry of default judgment against the Defaulting Defendants, particularly where the Eleventh Circuit has extended the

8

prohibition against logically inconsistent judgments to cases beyond those where liability is deemed to be joint. *Island Stone Int'l Ltd.*, 2016 WL 9488685, at *1 (M.D. Fla. Dec. 20, 2016) (denying a motion for default judgment because the defendants were similarly situated and there was a possibility of inconsistent judgments) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Entry of Final Default Judgment, **ECF No. [151]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 23, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:     Counsel of Record