UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-60780-BLOOM/Valle

CREELED, INC.,

    Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant ZstoneUS's ("Defendant") Fed. R. Civ. P. 12(b)(2) Motion to Dismiss the Complaint, ECF No. [131] ("Motion"). Plaintiff CreeLED, Inc. ("Plaintiff") filed a Response, ECF No. [141], to which Plaintiff attached supporting submissions.[1] Defendant did not file a Reply. The Court has reviewed the Motion, the Response, Plaintiff's submissions, the record in this case, and the applicable law. For the following reasons, the Motion is denied.

    **I.**    **BACKGROUND**

In the Complaint filed on April 27, 2023, Plaintiff alleges Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count I), False Designation of Origin Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II), Common Law Unfair Competition (Count III), and Common Law Trademark Infringement (Count IV). ECF No.

---

[1] Plaintiff attached the Declaration of Javier Sobrado in Opposition to Defendant ZStoneUS's Motion to Dismiss, ECF No. [141-1]; Composite Exhibit A, ECF No. [141-2]; Exhibit B, ZStone Evidence of Infringement and US Reviews, ECF No. [141-3]; and Exhibit C, August 25 Email to ZStone re Jurisdictional Discovery, ECF No. [141-4].

[1] ¶¶ 44-68. On May 2, 2023, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction and Order Restraining Assets. ECF No. [6].

Upon review of Plaintiff's submissions, the Court determined that Plaintiff is the owner of certain federally registered trademarks ("Marks"). ECF No. [33] ("Preliminary Injunction Order" or "Order") at 2 (citing ECF No. [6-3] ("Jan. 13, 2023 Marcellino Decl.") Schedule B). The Court also made the following determinations. The 347 individuals, partnerships, and unincorporated associations that are identified on Schedule "A" of the Complaint ("Merchants"), ECF No. [6-1], were not authorized to use the Marks for any purpose, yet they sold goods using the Marks through their respective Seller IDs at e-commerce stores and commercial websites. *Id.* at 3 (citing Jan. 13, 2023 Marcellino Decl. ¶ 11; ECF No. [6-4] ("May 2, 2023 Sobrado Decl.") ¶ 4). Merchants' goods were nongenuine, unauthorized versions of Plaintiff's products that bear the Marks. *Id.* (citing Jan. 13, 2023 Marcellino Decl. ¶¶ 11-14). Plaintiff suffers irreparable harm and damage by Merchants' use of the Marks in that their use drives customers to their Seller IDs, harming Plaintiff's goodwill and causing it direct monetary loss. *Id.* at 3 (Jan. 13, 2023 Marcellino Decl. ¶¶ 15-18). The Court concluded that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by the Merchants' use of the Marks. *Id.* at 4. The Court further concluded there was good cause to believe more counterfeit and infringing products bearing the Marks would appear in the marketplace, that consumers would likely be misled by those products, and that Plaintiff would suffer loss in sales and marketplace erosion. *Id.* at 5. Moreover, the Court found the balance of potential harm to Merchants was far outweighed by the potential harm to Plaintiff's reputation and goodwill, and that the public interest favored issuance of the Preliminary Injunction because the protection of the Marks encourages respect for the law and protects the public from being defrauded by the unlawful sale of counterfeit goods. *Id.* at 5.

The Court granted the Preliminary Injunction Motion on May 26, 2023. The Preliminary Injunction Order restrained and enjoined Merchants, including Defendant, from selling or otherwise disposing of any products bearing the Marks. *Id.* at 6-7. The Order further ordered Merchants to discontinue use of the Marks immediately in connection with internet-based e-commerce stores and restrained them from transferring their Seller IDs during this action's pendency. *Id.* at 7. The Order further directed third-party financial institutions and others to restrain the transfer of any funds connected with Merchants. *Id.* at 8. Moreover, the Order allowed the Merchants to petition the Court to modify the Order. *Id.* at 8.

On August 21, 2023, the Defendant filed the instant Motion. Therein, Defendant argues the Complaint fails to adequately allege facts supporting the valid exercise of personal jurisdiction by this Court over Defendant. In particular, Defendant argues Plaintiff has failed to state a *prima facie* case of personal jurisdiction. ECF No. [131] at 5-8.

## II.     LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). "Where . . . the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id*. (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with

3

federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citing *inter alia* Fed. R. Civ. P. 4(e)(1), (h), and (k)). A federal court undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, meaning that sufficient minimum contacts exist between the defendant and the forum state to satisfy "traditional notions of fair play and substantial justice." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (citations omitted).

### III.   DISCUSSION

#### A. Florida's Long Arm Statute

Florida's long-arm statute recognizes two kinds of personal jurisdiction over a non-resident defendant: general jurisdiction and specific jurisdiction. Fla. Stat. §§ 48.193(1)-(2). Relevant here, section 48.193(1)(a)(2) permits a Florida court to assert jurisdiction over any person who "commit[s] a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2).

The Eleventh Circuit has held that a plaintiff may validly invoke the Florida long-arm statute where an alleged trademark infringement occurred in Florida by virtue of a defendant's website's accessibility in Florida. *See Licciardello*, 544 F.3d at 1284 (holding that allegation that defendant's website contained an infringing and deceptive use of plaintiff's trademark was a tortious act "within this state"). Moreover, allegations that a defendant sold infringing goods to Florida customers through a website are sufficient for a plaintiff to meet section 48.193(1)(a)(2)'s requirement for specific personal jurisdiction over Defendant. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) ("*Mosseri*").

Here, Plaintiff alleges that Defendant directed business activities toward and conducted business with consumers within the State of Florida and this district through at least the internet-based e-commerce stores and fully interactive commercial internet websites accessible in Florida and operating under Seller IDs. ECF No. [1] ¶ 7. Moreover, Plaintiff alleges that Defendant infringes Plaintiff's trademarks in this district by advertising, using, selling, promoting, and distributing counterfeit trademarks in the district through such stores and websites. *Id.* Under *Licciardello* and *Mosseri*, those respective allegations are sufficient for Plaintiff to invoke the Florida long-arm statute.

Although Defendant relies on *BTG Patent Holdings, LLC v. Bag2Go, GmbH*, 194 F. Supp. 3d 1310 (S.D. Fla. 2016) to argue that it is not subject to Florida's long-arm statute, ECF No. [131] at 6-7, that reliance is misplaced. In *BTG*, the court found the defendants' contacts were insufficient to enable the plaintiff to invoke section 48.193(1)(a)(2) because the defendants' internet presence was not "sufficiently analogous to the creation and operation of a website accessible in Florida", as in *Licciardello*. *BTG Pat. Holdings, LLC v. Bag2Go, GmbH*, 193 F. Supp. 3d 1310, 1319 (S.D. Fla. 2016). Nor was that presence sufficiently analogous to the facilitation of sales of allegedly infringing goods through a website accessible in Florida, as in *Mosseri*. Here, Defendant's act of transacting business through internet websites and e-commerce stores is sufficiently analogous to the creation and operation of a single internet website, and Defendant allegedly directly sold infringing goods. Having alleged so, Plaintiff has satisfied section 48.193(1)(a)(2).

B.  **Minimum Contacts with Florida**

"[T]he constitutional litmus test for personal jurisdiction is whether the defendant 'purposefully established "minimum contacts" in the forum State.'" *Licciardello*, 544 F.3d at 1285 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 473-74 (1985)). A nonresident defendant's

5

intentional tort supports the exercise of personal jurisdiction over the defendant under the minimum contacts test even if it has no other contacts with the forum. *See Licciardello*, 544 F.3d at 1285. In *Licciardello*, the Eleventh Circuit determined that the allegation that a defendant committed an intentional tort against the plaintiff, namely using the plaintiff's trademark and the plaintiff's picture on a website accessible in Florida in a manner to imply the plaintiff's endorsement of the defendant and his products, was constitutionally permissible. *Id.* at 1287-88. Here, as set forth above, Plaintiff's Complaint adequately alleges that Defendant directed tortious conduct toward Florida by selling infringing products via e-commerce stores and websites. Thus, Defendant cannot contend that the allegations are insufficient to hale it into court in this district.

Defendant relies on *PVC Windoors, Inc. v. Babbitbay Beach Construction, N.V.*, 598 F.3d 802 (11th Cir. 2010), and *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 991 (11th Cir. 1986), to argue that a complaint that fails to allege specific sales made by Defendant into the forum, or more than just isolated sales into the forum, fails to establish that personal jurisdiction may validly be exercised. However, that reliance is also misplaced. *PVC Windoors* explained that an allegation that negotiations between parties took place "in part in Florida[]" were insufficient to establish that a defendant purposefully availed itself of the benefits and protections of a forum state. *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 811 (11th Cir. 2010) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S. Ct. 154, 160, 90 L. Ed. 95 (1945)). Likewise, a defendant meeting with a plaintiff on Florida soil to solicit the latter's entry into a business contract is an insufficient contact to allow the exercise of personal jurisdiction. *Id.* (citing *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 993 (11th Cir. 1986)). Those cases do not hold that a plaintiff must allege a series of specific sales

of infringing goods in Florida via a website. As such, *PVC Windoors* and *Sea Lift* do not support Defendant's argument.

### C.  Fair Play and Substantial Justice

Where a Defendant has a "constitutionally sufficient contact with Florida," the Court must determine whether the exercise of jurisdiction over Defendant "comports with fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 320, 66 S. Ct. 154. "Relevant factors include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello*, 544 F.3d at 1288 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).

Here, Defendant has not articulated the burden placed on it in adjudicating the action in this district, let alone any other district in the United States. To the extent there is any burden on Defendant beyond that of litigating any matter in a U.S. District Court, that alone is insufficient to offend traditional notions of fair play and substantial justice. *See Licciardello*, 544 F.3d at 1288 ("The Constitution is not offended by Florida's assertion of its jurisdiction over such nonresident tortfeasors." (citation omitted)). In addition, as the Court set forth in its Order on Plaintiff's Motion for Preliminary Injunction, Plaintiff met its burden to show it is suffering irreparable harm and damage by Defendant's use of its trademarks. Order at 3. That finding supports that Plaintiff has an interest in obtaining relief. Since the Court found that the public interest favors issuance of a preliminary injunction, the judicial system has an interest in resolving the dispute. *Id.* at 5. Finally, "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello*, 544 F.3d at 1288. Although Plaintiff is not a Florida resident, the Complaint alleges Defendant sells nongenuine goods to

Florida consumers. ECF No. [1] ¶ 7. That suggests that Florida has an interest in protecting its consumers from purchasing such goods that weighs in favor of the exercise of personal jurisdiction.

Accordingly, traditional notions of fair play and substantial justice would not be offended were the Court to exercise personal jurisdiction. Thus, the Court finds Plaintiff has met its burden of alleging sufficient facts to make out a prima facie case of personal jurisdiction in this action. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam).

### D. Defendant's Burden

"If the plaintiff sufficiently alleges a prima facie case of jurisdiction, the defendant must raise 'through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction.'" *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1366 (S.D. Fla. 2016) (quoting *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (per curiam) (quoting *Sculptchair, Inc.*, 94 F.3d at 627)). Because Defendant has not supported its Motion with affidavits or documents, it cannot meet its burden to show that personal jurisdiction is lacking here. Therefore, the Motion is due to be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [131]**, is **DENIED**. Defendant shall file an Answer to the Complaint **by November 6, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 23, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record