UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-60780-BLOOM/Valle

CREELED, INC.,

    Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
                                              /

## ORDER DIRECTING CLERK TO ENTER DEFAULT
## ON UNREPRESENTED CORPORATE DEFENDANT

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 25, 2023, the Court entered an Order granting counsel for Defendant ZStoneUS's ("Defendant") motion to withdraw. ECF No. [161] ("Order"). The Order directed Defendant to retain counsel who is permitted to practice before the Court by November 8, 2023 to the extent Defendant is an artificial entity that must be represented by counsel. Order at 1-2 (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). The Court advised Defendant that failure to comply with the Order will result in appropriate sanctions, including entry of default. *Id.* at 2. To date, Defendant has not indicated that it is not an artificial entity and no counsel for Defendant has entered an appearance. Nor has counsel for Defendant or Defendant requested additional time for counsel for Defendant to make an appearance. As such, Defendant has failed to "otherwise defend" in this action, so an entry of default is appropriate. Fed. R. Civ. p 55(a); *see also Nerestant v. ASN Faith Corp.*, No. 18-22810-CIV, 2018 WL 11466502, at *1 (S.D. Fla. Dec. 26, 2018) (finding that entry of default by clerk was appropriate where corporate defendant, who was not represented by

counsel, failed to retain counsel, as required by the district court's order (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviation*, 88 F.3d 948, 950 (11th Cir. 1996) (affirming district court's denial of corporate defendant's motion to set aside an order of default where corporate defendant failed to retain counsel))). The filing by Plaintiff of a notice of joint liability is also appropriate. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (holding that judgment should not be entered against a defaulting defendant if another defendant who is similarly situated prevails on the merits); *see also* ECF No. [158] at 9 (denying without prejudice Plaintiff's Renewed Motion for Entry of Final Default Judgment given the possibility of inconsistent judgments in this action).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Clerk is **DIRECTED** to enter default against Defendant ZStoneUS.

2. Plaintiff is directed to file a Notice of Joint Liability as to Defendant by **November 16, 2023**. The Notice of Joint Liability must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendants, no later than 14 days thereafter.

3. Plaintiff's failure to file a Notice of Joint Liability within the specified time will result in sanctions, including but not limited to, dismissal without prejudice as to Defendant.

Case No. 0:23-cv-60780-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 9, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record

3